7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. GARRETT, Sr., Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 93-5131.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 1
 Before MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 William H. Garrett, Sr., a Kentucky state prisoner proceeding without benefit of counsel, appeals from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Garrett was convicted by a jury of one count of first degree robbery and one count of first degree persistent felony offender (PFO). He received a sentence of twenty years' incarceration on the robbery charge, and this term was enhanced to one of incarceration for life on the PFO charge. He appealed the judgment to the Kentucky Supreme Court as a matter of right. His conviction was affirmed on direct appeal on November 30, 1989.
 
 
 4
 In his petition for habeas relief, Garrett asserted that a letter inculpating him was admitted into evidence improperly. The letter urged a co-defendant to say that Garrett had been unconscious in the back seat of a car during the robbery and had not had anything to do with the crime. Although the letter was written in a hand other than Garrett's, a note at the bottom was in his handwriting according to evidence adduced by the Commonwealth; the note asked that the letter be given to the co-defendant. There was evidence that the letter was delivered by Garrett's sister and that a thumbprint on the paper was his.
 
 
 5
 Garrett contended in his petition that the introduction of the letter deprived him of his constitutional right to be confronted with the witnesses against him. See U.S. Const., Amend. VI, as made applicable to the states through the Fourteenth Amendment. A magistrate judge to whom the petition was referred rejected Garrett's contention and recommended that the petition be dismissed. Overruling objections filed by Garrett, the district court adopted the magistrate's report, dismissed the case with prejudice, and issued a certificate of probable cause pursuant to 28 U.S.C. § 2253. Garrett has perfected a timely appeal.
 
 
 6
 In federal habeas corpus proceedings this court's review of state court evidentiary rulings is extremely limited. Waters v. Kassulke, 916 F.2d 329, 335 (6th Cir.1990). Error in such a ruling does not reach constitutional magnitude unless it is so egregious as to deprive the petitioner of a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 7
 Under Kentucky law, as shown in the Kentucky Supreme Court opinion affirming Garrett's conviction, the letter was admissible as an admission by adoption. The application of Kentucky's admission-by-adoption rule did not violate Garrett's federal due process rights. The letter was indicative of guilt, and there was ample evidence that Garrett was responsible for its being sent. The admission of the letter did not make Garrett's trial fundamentally unfair.
 
 
 8
 The judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation